ROGERS, Justice.
 

 Benjamin Mann Morrison, a resident of the parish of Tangipahoa, died testate on July 1, 1927. T. J. Ferguson, the executor named in the will, opened the succession, caused an inventory of its property to be taken and qualified as testamentary executor on July 12, 1927. Ferguson served in his capacity as executor until May 7, 1928, when he resigned. On the same day Hunter C. Leake was appointed and qualified as dative testamentary executor. Mr. Leake resigned his office of executor on January 3, 1935, and James H. Morrison, the only son and one of the three children and forced heirs of the decedent, was appointed in his place. Mr. Morrison has been administering the succession as executor since his appointment and qualification.
 

 Faced with the necessity of paying pressing debts of the succession and a special legacy, and because the time was not propitious to sell real or personal property in the parish,, Ferguson, the then executor, obtained an order of court authorizing him to borrow the money necessary to discharge the debts and legacy. The loan was effected with the Hammond State Bank, the executor giving the bank his notes therefor. This was in the year 1928, and from that time until January 1, 1934, the succession regularly paid the interest on the loan. On June 1, 1932, the amount of the loan outstanding was $18,-600, and it was represented by the succession’s three promissory notes executed on that date.
 

 In December, 1933, the Hammond State Bank was absorbed by the Tangipahoa Bank & Trust Company. Subsequently, the Tangipahoa Bank & Trust Company was taken over for liquidation by J. S. Brock, State; Bank Commissioner, and placed in charge of C. C. Smith, his special agent.
 

 On May 18, 1936, which was more than one year after James H. Morrison had been appointed and had qualified as dative testamentary executor, J. S. Brock, State Bank Commissioner, as liquidator of the Tangipahoa Bank & Trust Company, through C. C. Smith, his special agent, alleging that he was the holder of the three promissory notes for $18,600 executed on June 1, 1932, by the Succession of Benjamin Mann Morrison, which were past due and unpaid, filed a rule against James H. Morrison, executor, to show cause why he should not be removed and C. C. Smith, special agent of the State Bank Commissioner, appointed in his place; or, in the alternative, why he should not furnish bond as such executor. This rule was made returnable on May 25, 1936. Prior
 
 *749
 
 to the return day, the respondent applied to the district judge for a delay of fifteen days in which to prepare his defense and file his answer, and an extension of fourteen days was granted for that purpose. On June 1, 1936, the State Bank Commissioner, acting through C. C. Smith, his special agent, petitioned the district court for an injunction to prevent the executor from selling or mortgaging the assets of the succession; for an order to show cause why he should not pay petitioner on account of his claim the sum of $7,-920.23, the amount of cash alleged to be in his possession; and for an order commanding the executor to sell sufficient property of the succession to pay petitioner’s claim in full. A temporary restraining order was issued and the rule for a preliminary injunction and the other relief prayed for was made returnable on June 8, 1936, but the rule was not served on the respondent, Morrison, until June 16, 1936. In the meantime, the respondent employed Hon. Paul Fink to act as his leading counsel. Mr. Fink is a member of the State Legislature, which was in session, and on his written motion the proceedings instituted by the relator against the respondent were continued until after the adjournment of the Legislature.
 

 The purpose of the relator in this proceeding is to obtain a review by this court of the action of the trial judge in granting respondent a delay of fourteen days within which to answer the first rule taken by relator and in granting respondent a continuance of the hearing on both rules until after the adjournment of the Legislature.
 

 In answer to the rule nisi issued by this court, the respondent judge avers that in allowing respondent, Morrison, a delay within which to answer the first rule taken against him by relator, he exercised the discretion vested in him by article 468 of the Code of Practice, which provides as follows: “The court have, besides, a discretionary power to grant continuance whenever the cause alleged by the party applying for it appears sufficient to justify the same.”
 

 The facts do not show that the judge abused his discretion in granting respondent, Morrison, the delay for preparing his defense and answer to the rule seeking his removal from the office of dative testamentary executor of his father’s succession.
 

 Answering relator’s complaint that he had arbitrarily continued the hearing of the proceedings, the trial judge in his return sets forth that the continuance was granted until after the adjournment of the State Legislature upon a written motion of a member of the Legislature of 1936, who alleged in his motion that he was respondent’s leading counsel, as required by article 466 of the Code of Practice, which provides: "That whenever any attorney at law shall be employed in the service of the State, as a member of the General Assembly, his absence from court, unless it be the Supreme Court, during the session of the General Assembly, shall constitute a peremptory cause
 
 *751
 
 for the continuance of any case wherein he is employed as leading counsel.”
 

 ' The Regular Session of the State Legislature of 1936 was convened on May 11, 1936, and adjourned on July 8, 1936.
 

 Hence the trial judge could not do otherwise than grant the continuance applied for.’
 

 In view of the fact that the delay granted the respondent, Morrison, for answering has long since expired and that the adjournment of the Legislature occurred more than three months ago, we see no reason why the proceedings instituted by the relator against the respondent, Morrison, cannot be promptly heard and determined in the district court.
 

 For the reasons assigned, the rule nisi herein issued is discharged and relator’s application denied.